DUNBAR and others *v.* ALBERT FIELD TACK Co. and others.

*(Circuit Court, D. Massachusetts.  ——, 1879.)*

1. PATENTS Nos. 90,902 AND 164,839, for improved cut shoe nails, *held* valid, and infringed by the "cub" nail.

2. INVENTION—PATENTABILITY.--The addition of corrugations to a specific kind of shoe nails is patentable, although shoe nails had been previously corrugated.

In Equity.

LOWELL, C. J. This suit is brought upon two patents granted to Hosea F. Whidden, one of the plaintiffs. No. 90,902, dated June 1, 1869, is for a cut shoe nail having a round frustro-conical head, a tapering shank, and serrated corners or edges; the point of the shank being cut thin so as to clinch readily when the nail is driven against what is called the armored last. Patent No. 164,889, dated June 22, 1875, is for an improvement upon this nail by making the head longer, the mode of making it being fully described.

It has been held by Judge Shepley that this nail does not infringe the patent granted to Estabrook, No. 85,374, dated December 29, 1868, that not being a cut nail, and not having a head. *Estabrook* v. *Dunbar*, 10 O. G. 909. It is said

that Estabrook and his partner are the persons who make the nails used by the defendants; and the defendants admit that one of the nails which they use infringes both patents; but they deny that the other, or "cub" nail, infringes; and deny that either patent is valid.

There is no conflict of evidence in respect to the principal patent, 90,902. It is admitted by the defendants that the nail is specifically new, and by the plaintiffs that the "Bent" nail, which was patented more than a year before June, 1869, is substantially like Whidden's nail, except that the latter has corrugations on the sides, which undoubtedly serve a useful purpose in holding the nail in place. The question is whether the addition of corrugations to the "Bent" nail is a patentable improvement, in view of the fact, admitted in the specification, that shoe nails had been corrugated before June, 1869.

This question of patentability is often one of very great embarrassment. The patent law requires the presence of what it calls invention, as contradistinguished from constructive ability; but it furnishes no test, for all cases, by which they can be discriminated. The decision does not necessarily depend upon the amount of thought, or even of experiment, which may have been had in reaching the result. Thus, if an old machine or process is put to a new use, invention is positively excluded, although the new use may apparently be very remote from the old, requiring experiment to ascertain its practicability; and though the actual operation of the machine or process may not be exactly the same in the new as in the old application, provided no new means are, in fact, employed.

When the patentee has produced something new, the question is more difficult. Some changes, such as a substitution of brass for iron, or of steam-power for horse-power, are, at the present day, presumed to be within the common knowledge of mechanics.

Does the addition of corrugation to a smooth shoe nail come within this class of cases? It is impossible to give a wholly satisfactory reason for answering this question either

way. That Mr. Bent did not corrugate his nail, and that the patented nail has gone into extensive use, are facts which seem to point to both novelty and utility; and the patent is *prima facie* evidence of both. Judge Shepley held the Estabrook patent to be valid, though of limited application, notwithstanding earlier nails, which, separately considered, contained his improvements. The value of the serrations or corrugations appears to be very marked in this nail, when intended for a shoe nail; and, upon the whole, I do not find it to be proved that this mode of construction was so well known, as applied to cut nails, that I can hold it to have been an obvious alternative mode of making the "Bent" nail.

With regard to patent No. 164,889, the only question affecting its validity is whether the discovery was made by Whidden, or was communicated to him by the plaintiff Dunbar. On this point I have examined the evidence, and do not think that the defence is made out.

Whether the "cub" nail infringes, depends on whether it works in substantially the same way to produce a like result. Neither the head nor the body of this nail is precisely like that of 90,902. It does not begin to taper so soon, and its head and point are both shaped somewhat differently from those described in the patents. I think, however, that the evidence shows it to be similar in operation and result.

Decree for the complainants.